

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

VERNON B. DOWLING, ~~FILED~~ Civil Action 5:18-00055
          Plaintiff,

v.

United States of America ~~FILED~~ Consolidated Motion to
Central Office et al.              Join FTCA Claims, and
          Defendants.              clearification of claims,
                                   "To Amend"

5:18-cv-00977

This FTCA is parallel, and properly exhausted to be joined to the above styled civil action. The claims herein are relevant and equally corroborating with the claims stated out in the above styled action. Due to the timely exhaustion, and the effort to save on costs, and time of filing a seperate action, Dowling prays this FTCA claim be joined to this action, and service where necessary be made to satisfy all requirements.

The final denial of Plaintiffs' FTCA claims, by the attached March 26, 2018 denial letter, is to be joined to the above action, and Dowling will clearify his FTCA claims where Regional Counsel, Mid-Atlantic Region, Matthew W. Mellady failed to address, and interpret the whole of Plaintiffs' claims as were intended. These claims mesh into the existing claims already layed out in this action, and will further be discribed herein.

1.) In the FTCA claim No. TRT-MXR-2018-02653 denial, the deciding Counsel on the final denial failed to address claims against Francis F. Kelly's invasion of privacy, slander, character damage, negligence and exposure of Claimants' Psychology Records when making a Declaration regarding a medical back injury that was unrelated to the attachment of these records to be published on public display on PACER. Plaintiff presents other claims as follows.

1 of 7

2.) With regards to Plaintiffs' FTCA claims, the claims intentional infliction of emotional distress from all claims set out herein on the weight of the mass of these claims collectively, and individually.

3.) Defendant Raybon did Intentionally Assault me with sexual behavior, harassment, and assault that made me fear that he was going to harm me, and deprived me from a safe environment at the Education Dept. The nature and conduct of his actions are discribed further in the initial Complaint against him.

4.) Other Intentional Torts are the claims against the negligence of D.A.P.C Jason Weaver, D.T.S Robert Smith for placing me in known danger, and risk on two occassions, Weaver placing me in conflict to "confront" inmate Rivas, and Smith exposing me as informant to other inmates in my religious service, and ending in my lose of religious privileges, and on-going threats from other inmates, when I complained about these two events, I was unjustly expelled from RDAP after completing 685 hours of a 500-hour Program in retaliation. See details laid out in existing filings "Original Complaint", and "Response in Opposition to PFER".

5.) Medical negligence and denial of adequate and timely Medical care against Health Services Staff, Doctor Edwards, Vest, S. FNP, and other unknown names, in treating lower back injury, depression, heart pain and gaining weight due to back injury. Dental Services for denying to pull an impacted, and often abcessed wisdom tooth, and finally, failing to properly test 3 lumps in lower back. Pain Managment for chronic pain is insufficient, and Dowling has stopped taking elivile for it's depressing affects vequesting alternative. Sulindac, and elivile is not providing relief from pain, further causing I.I.E.D. Note: Injury is of prior FTCA against U.S. in South Carolina, FCI Estill.

2 of 7

6.) False imprisonment for placing in SHU during, and because of filing claims against federal employees at FCI Beckley, again A. Toler after a string of threats and retaliation fabricated in corroboration with SIS Lt. Day, and SIS Techs Toney and Sweeney to put me in SHU as a threat to A. Toler, Furthermore, SIS Toney did threaten me, and others to stop filing against him, see affidavits of existing documents in this civil actions docket. This placement duly interferred with Law Library, and other access to the Courts, as well as unreasonable denial of email and phone privileges. SIS Toney is guilty of Intentional Tort. (See Gittens v. New York, 504 N.Y.S. 2d 969 (Ct. Cl. 1986)

7.) Staff at FCI Beckley, as asserted in parallel claims of this Complaint, did not follow a safe smoking/no smoking policy, as there is no safe amount of second hand smoke exposure. As set out in the existing Complaint the Administration, and other federal employees did fail in reasonable care exposing Plaintiff to excessive exposure to second hand smoke in numerous ways. Plaintiff did have to request medical care due to his asthma reactions to smoke exposure, now using an albuterol sulfate inhaler.

8.) In regards to number "1.)" of this document, claim of negligence of Francis F. Kelly, Plaintiff requests that he be given the proper forms, and address of the State Court to properly file a State Court Tort against Francis F. Kelly.

In regards to numbers 2 through 7, he also wishes to file State Torts against Defendants of this action.

Furthermore, "The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. Section 1367." And, Plaintiff requests this Court act accordingly to construe the most favorable outcome of Plaintiffs' claims that would be better in the vehicle of a State tort claim.

9.) Mail Room Staff, Administration, Warden, and both Pine, and Poplar Unit Teams have violated policy, and illigally interfered with Dowling's legal mail, denying him a number of needed civil documents, and failure to review his entire CD's of discovery ending in the dismissal of his criminal appeal. Lokont/ Flanagan denied him possession, and Stennett, Meadows, and J. Hill denied him possession of civil documents claiming that they were permitted to withhold them by a policy refusing criminal decements due to inmate dangers regarding cooperation on records. Dowling objected and prayed for relief, however to no avail and has suffered a number of penalties including missing a scheduling order in this matter that prevented him from reaching a Discovery Deadline, his Criminal Appeal dismissed because of Flanagan's Active Interference between Dowling and his Attorney Sidney Rene Strickland, "Strickland and Webster".
    Moreover, he has been denied any rejection notice as promised by policy, yet his family has received numerous letters returned without reason. He has also not received a number of Court, and Central Office (FAOP) documents that their records proport to have served. —

4 of 7

10.) Education Staff, Rayban's sexual assault and harassment is not "holding me accountable for absence from G&D class". Furthermore, A. Toler did not begin writing incident reports until he was retaliating for a Fed. Tort Claim, and Complaints filed against him. He allowed numerous others including myself to shop in Commissary on our assigned days, however, as detailed in Claimants BP-9, 10 appeal he was treated unfairly, and in retaliation, prejudicially and arbitrarily depriving of his liberties to phone privilege, or commissary when a large number of receipts and witnesses were not allowed at hearing, Franco Hait team denied to consider evidence Claimant presented, and was directly involved in notifying A. Toler to a prior appeal of his write up that ended in A. Toler to write another "shot" for lying, after he threatned Dowling, and slung a chair, screaming at Dowling. This is supported by affidavit in Civil Action No. 5:18-00055, USDC Southern Dist. of W.V.

Franco, A. Toler both negligently disregarded Plaintiffs right to a fair hearing, and to be free from retaliation, threats and interference.

H. James failed to move Plaintiff to another G&D class even after Counselor Franco requested it. After she learned that A. Tolers "shot" was expunged by Lt. Spencer, she retaliated and had it reserved by Lt. Denny. She has remained negligent in her duties, and has further placed Plaintiff in danger by loudly telling him in front of numerous inmates, that she heard he had an interstory morning with SIS. This is due to her ongoing romantic relationship with numerous Staff at this facility including a fight between her husband SIS James, and her current affair SIS Ray Sweeney who has also interacted in active threats, and interference of Dowling claims, and requests for grievances.

11.) Pine Unit Team has not assisted in Administrative Remedies, but has threatened me to stop filing, has retaliated with unreasonable search and destroy tactics, and T. Milam, E. Stennett, C. Meadows, and Administration did fail to timely file my BP-9 RDAP appeal, and refused to assist me on numerous requests for help with remedies, or viewing my legal documents.

12.) Ultimately I did follow the rules and regulations of RDAP, and in collaboration with this claim for negligently expelling me from RDAP, I point to all the awards, the inconsistent statements of the treatment staffs Robert Smith and Jason Weaver, and see the Affidavits proving their retaliation and unjust, arbitrary deprivation of liberty to the early release I had earned, by their 1st Amendment violation, retaliating for my complaints against their endangering me. See Willie Thomas, and Cary Wright's Affidavits showing Smith discriminately set up a fabricated "confront" by Thomas, and Wright confirmed that Inmate Story which initiated the issue was actually lying. – Dowling's RDAP conduct was far more exceptional than others who were similarly situated, and in much more trouble with rules that did however graduate, and receive their initiatives. Robert Smith repeatedly threatened Dowling, and demeaned him and verbally harassed him in private sessions, and before others much differently than others.

6 of 7

Plaintiff further claims that the details of this action are equally intertwined between the Bivens claims, and the FTCA claims.

Dowling prays these matters be joined for further proceedings where the United States is liable for the actions and omissions of its federal employees acting within the scope of their employment, under color of federal law, and state law.

Done and served to the Court this 4th day of April, 2018.

Respectfully Submitted,

VERNON B. DOWLING,
Plaintiff,

PO Box 350
Beaver WV 25813
FCI Bec, #18600-021

7 of 7